UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **HARRY HAYES** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | |
| **DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, CITY OF ALEXANDRIA, RAPIDES PARISH SHERIFF'S OFFICE, SHERIFF WILLIAM HILTON, M/T RICHARD HORTON, AND DEPUTY JAY MCNUTT** | **JUDGE** _____ <br><br> **MAGISTRATE** _____ |

# COMPLAINT

The complaint of **HARRY HAYES** "hereinafter sometimes referred to as Petitioner/Plaintiff", a person of full age and majority and domiciled in the parish of Rapides, State of Louisiana, with respect represents:

1.

This action arises under Title 42, USC Sections 1983 and 1988. This court has jurisdiction over the action under Title 28, USC Sections 1343. Venue is proper in this Judicial District pursuant to Title 28 USC Section 1391.

2.

Made Defendants herein are:

A. **DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**, a political subdivision, Municipal Corporation and/or political entity. DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS was the employer of M/T RICHARD HORTON at all times pertinent herein. "Hereinafter referred to as DEPARTMENT";

B. **CITY OF ALEXANDRIA**, a political subdivision, Municipal Corporation and/or political entity with the capacity to sue and be sued. CITY OF ALEXANDRIA was the employer of Defendants at all times pertinent herein. "Hereinafter referred to as CITY";

C. **RAPIDES PARISH SHERIFF'S OFFICE,** a political subdivision, Municipal Corporation and/or political entity with the capacity to sue and be sued. RAPIDES PARISH SHERIFF'S OFFICE was the employer of Sheriff, Defendant WILLIAM HILTON, and OFFICERS. "Hereinafter referred to as RAPIDES";

D. **SHERIFF WILLIAM HILTON, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF OF RAPIDES PARISH,** a person of the full age of majority who was at all times material hereto Sheriff of RAPIDES PARISH, State of Louisiana, and was the employer and/ or commanding officer of Defendants, OFFICERS and was responsible for the hiring, retention, training, and their supervision, and for the implementation of the

RAPIDES PARISH Sheriff's OFFICE's customs, policies and procedures; Sheriff Hilton is sued in both his individual and official capacities. "Hereinafter referred to as "HILTON";

E. **M/T RICHARD HORTON,** "hereinafter referred to as OFFICER", person of full age of majority who was at all times material hereto employed as a law enforcement officer by DEPARTMENT, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment of DEPARTMENT.

F. **DEPUTY JAY MCNUTT** "hereinafter referred to as OFFICER", person of full age of majority who was at all times material hereto employed as a law enforcement officer by RAPIDES, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment of RAPIDES.

3.

At all times applicable hereto, Hilton and Defendant, Officers, were duly appointed and employed in their official capacity with Rapides and all actions taken by them were in the course and scope of their employment with Rapides.

4.

At all times applicable hereto, Trooper Richard Horton was duly appointed and employed in his official capacity with the Department of Safety and Corrections and all actions taken by him was in the course and scope of his employment with the Louisiana State Police and the Department of Safety and Corrections.

3

5.

On February 1, 2015, Harry Hayes entered the The Big Red Barn located in Alexandria, La.

6.

While Harry Hayes was inside of the The Big Red Barn, several officers employed by the Department of Safety and Corrections, Rapides Parish Sheriff's Office and Louisiana State Fire Marshalls entered The Big Red Barn and blocked all exits of The Big Red Barn for unknown reasons.

7.

At this point, Harry Hayes decided he wanted to leave the establishment, but due to the heavy presence of Officers and State Marshalls blocking each exit for unknown reasons, Harry Hayes was unable to pursue this course of action.

8.

As a concerned citizen, Harry Hayes approached Trooper Richard Horton in a calm manner and simply asked Trooper Richard Horton, "What was going on?"

9.

Harry Hayes wanted to know what was going on because he desired to leave The Big Red Barn and wanted to ensure that there would be no problem with him leaving the establishment.

10.

As Harry Hayes approached Trooper Richard Horton to ask his question, Trooper Richard Horton recklessly decided to utilize unnecessary and excessive force by shoving Harry Hayes causing Harry Hayes to stumble backwards.

11.

After being unnecessarily shoved, Harry Hayes was in a total state of bewilderment as Trooper Richard Horton continued to charge towards Harry Hayes and continued to act with reckless disregard for Harry Hayes' constitutional rights because Trooper Horton shoved Harry Hayes backwards on two more occasions.

12.

After charging and shoving Harry Hayes on several occasions, Trooper Richard Horton recklessly decided to arrest and handcuff Harry Hayes without any probable cause.

13.

In the process of "taking" Harry Hayes, Trooper Richard Horton violated Harry Hayes' First, Fourth, and Fourteenth Amendment Rights and without probable cause, illegally and unlawfully seized and detained him.

14.

Trooper Richard Horton further violated Harry Hayes' rights by using excessive force when Trooper Richard Horton violently and aggressively utilized his baton and needlessly and forcefully struck Harry Hayes with a powerful blow near his patellar tendon.

15.

Not to be outdone by his previous excessive and reckless acts, Trooper Richard Horton recklessly decided to utilize his taser gun to strike Harry Hayes on two occasions.

16.

After striking Harry Hayes with the baton and needlessly tasing Harry Hayes, Trooper Richard Horton then decided to violently jump on Harry Hayes, causing significantly more pain to Harry Hayes.

17.

Harry Hayes was not involved in any criminal activity on the night in question, did not pose a danger to himself or other members of the public when he was brutally attacked by Trooper Richard Horton.

18.

As a result of the violent attack, Harry Hayes suffered and continues to suffer from physical and severe emotional injuries.

19.

Plaintiff, Harry Hayes, is still in a state of confusion and disbelief as to why he has become the victim of Police brutality brought upon by officers of the Department of Public Safety, Louisiana State Police, and the Rapides Parish Sheriff's Office.

20.

Thereafter, Defendants, in violation of the First, Fourth, and Fourteenth Amendment to the Constitution of the United States, without probable cause illegally and unlawfully, arrested, imprisoned and detained Harry Hayes. In addition to Trooper Richard Horton, Deputy Jay McNutt was at the scene and refused to offer assistance to Harry Hayes while he was being brutally attacked, and he along with Sheriff William Hilton and Rapides Parish Sheriff's Office, all encouraged, authorized, and/or acquiesced in their unconstitutional conduct.

## CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS

21.

The acts of Defendants on February 1, 2015, are a part of the practices, policies, customs and usages of the Department of Public Safety and Corrections, Louisiana State Police, City of Alexandria, namely Rapides Parish Sheriff's Office, its management and administrative officials were aware of several prior instances of police officers in its employ illegally and unlawfully violating the constitutional rights of its citizens, yet did nothing, to investigate these incidences to determine the causes of these violations and take the necessary steps to preclude their recurrence.

22.

As a direct consequence of these actions by Defendants, Petitioner was deprived of his liberty for a substantial period of time, suffered and continues to suffer physical and mental pain and anguish, acute mental distress, embarrassment, humiliation, permanent scarring and continues to suffer economic losses as a result of the incident which was in public view and which received notoriety.

23.

The Constitutional rights of Harry Hayes that were deprived were clearly established and well known to a reasonable person. The unreasonably excessive actions of the officers were objectively unreasonable in light of the minimal severity of the crime(s) alleged and the lack of physical resistance by the Petitioner against any of the officers at the scene. The above violations and torts were committed as a result of the policies, customs, and procedures of the Department of Public Safety and Corrections, Louisiana State Police, Rapides Parish Sheriff's Office and Sheriff William Horton, and

upon information and belief it was the policy, custom, and practice of the Defendants, the Department of Public Safety and Corrections, Louisiana State Police, Rapides Parish Sheriff's Office and Sheriff William Horton, to inadequately and improperly train and supervise their employees regarding:

    A.  Proper police procedure;

    B.  Proper training techniques involving protecting citizens from excessive force being committed by fellow law enforcement officials;

    C.  Proper force continuum;

    D.  Constitutional protections and safeguards of individuals;

    E.  Proper procedures for when to use excessive force under the above – described circumstances;

    F.  Proper training techniques for the moving of an individual from one place to another by an officer; and

    G.  Proper training techniques of controlled force usages and implementation.

24.

Further, upon information and belief, the inadequate training and supervision was known by all Defendants, previous to the actions taken by Trooper Richard Horton against Harry Hayes.

25.

The Defendants subjected the plaintiff to these deprivations of his rights, either intentionally or maliciously, or by acting within a reckless disregard for whether Harry Hayes' rights would be violated by their actions. Further, the individual Defendants had

8

no reasonable basis for believing their conduct was lawful and as such are not entitled to qualified immunity.

26.

Upon information and belief, after the unlawful arrest and excessive force was used against the Plaintiff, Defendants collectively entered into a conspiracy to deprive Harry Hayes of his constitutional rights by claiming Harry Hayes had resisted arrest and was under the influence which led to his alleged arrest, all while they knew the allegations that Harry Hayes had committed any alleged crimes which commanded such violence by them, was in fact false.

27.

Upon information and belief, there was no threats of violence by Petitioner, no alleged weapons at the scene utilized by Petitioner, and no officer safety threats presented by Petitioner to support any use of excessive force or use of physical restraints or violence while at the scene by any of the officers.

28.

The above described conduct constitutes one or more violations of 42 USC 1983, *et seq*.

**CAUSE OF ACTION- STATE LAW CLAIMS**

29.

The excessive force and injury of Harry Hayes by members of the Department of Public Safety and Corrections, Louisiana State Police, Rapides Parish Sheriff's Office, and Sheriff William Horton was committed through gross acts and wanton negligence of Trooper Richard Horton and Deputy Jay McNutt as follows:

A. Unreasonably shoving Harry Hayes while Harry Hayes was attempting to ask the officer a question;

B. Unreasonably threatening to arrest Harry Hayes and continuously charging and shoving Harry Hayes backwards, despite the fact that Harry Hayes was moving further away and complying with the officers orders;

C. Unlawfully detaining, seizing, and arresting Harry Hayes without probable cause and despite his compliance;

D. Falsely imprisoning Harry Hayes;

E. Using excessive force despite the fact that Harry Hayes was not threatening the safety of anyone at the scene;

F. Failing to control the situation without using excessive force;

G. Employing improper police procedures when Trooper Richard Horton committed the following acts: unnecessarily violently and aggressively shoving Harry Hayes, striking Harry Hayes with the baton, delivering a powerful blow, and tasing Harry Hayes twice, all while Harry Hayes presented absolutely no threat to Trooper Richard Horton;

H. Unreasonably failing to protect Harry Hayes from the violent wrath of Trooper Horton;

I. Failing to prevent Trooper Horton from utilizing excessive and unnecessary force upon Harry Hayes;

J. Failing to protect Harry Hayes' well-established constitutional rights;

K. Employing improper police procedures in their decision to use excessive force; and

L. Failing to do what they should have done and see what they should have seen to avoid the injuries to Harry Hayes.

30.

As the employer of the police officers, Rapides Parish Sheriff's Office and Sheriff William Hilton are responsible under the legal doctrine of *Respondeat superior* for all the damages and injures occasioned herein by the negligence of the officers who at all times material hereto operating within the course and scope of their employment with Rapides Parish Sheriff's Office.

31.

Rapides Parish Sheriff's Office is liable independently for its negligence in failing to properly train and supervise its officers.

32.

The Department of Public Safety and Corrections is liable independently for its negligence in failing to properly train and supervise its officers.

33.

The supplemental jurisdiction of this court is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action. Petition incorporates all of the allegations of the previous articles as copied herein extensor. The allegations herein including false arrest, false imprisonment, assault, battery, failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, malicious prosecution and defamation constitutes violations of Petitioner's rights actionable under the laws of the State of Louisiana and were the proximate and legal

causes of the injuries done to Petitioner, entitling him to damages as are just in the premises.

## DAMAGES AND HARM – ALL COUNTS AND CAUSES OF ACTION

34.

The above conduct of the Defendants was the cause (direct and proximate) of the harm and permanent injury to Harry Hayes and the resulting damages as described subsequently.

35.

As a result of the above-described incident, Harry Hayes suffered a torn patellar tendon that required surgery.

36.

As a result of the above described incident, Harry Hayes, has suffered and will continue to suffer great physical and mental pain and suffering, has suffered a past and future loss of earnings and earning capacity, has incurred and will continue to incur medical bills and has suffered a loss of enjoyment of life.

37.

Petitioner, Harry Hayes, respectfully represents that he is entitled to the following amounts from Defendants who are liable (*insolido* or otherwise) as a result of the acts and misconducts alleged previously for:

A. Compensatory damages against Defendants, and each of them, insolido, in the amount to be determined at the trial

B. Treble, exemplary and/or punitive damage against Defendants, in an amount to be determined at the trial;

C. The cost of this action, including attorney fees; and

D. Such other and further relief as this Court may deem appropriate.

38.

Petitioner, Harry Hayes, requests a trial by jury on all matters so triable.

**WHEREFORE**, Petitioner, Harry Hayes, prays that the defendants be served, in accordance with the law, with a certified copy of this petition and duly cited to answer same and that after legal delays and due proceedings are had, that there be judgment in favor of Harry Hayes, against the Defendants, Department of Public Safety and Corrections, City of Alexandria, Rapides Sheriff's Office, Sheriff William Hilton, Trooper Richard Horton, and Deputy Jay McNutt jointly, several, and insolido for all sums that are due as allowed by law, including all court costs and expert fees, including legal interest thereon, until paid and for such other and further legal and equitable relief as the Court may deem necessary, proper, and reasonable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

**Respectfully submitted:**

By: **/s/ Harold D. Register, III**
**HAROLD D. REGISTER, III #35290**
**216 Rue Louis XIV**
**Lafayette, LA  70598-0214**
**Telephone: (337) 981-6644**
**Facsimile: (337) 981-6692**

**PLEASE SERVE:**

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (Alexandria Division; Troop E)**
Through its Agent for Service of Process
Captain Jay D. Oliphant, Jr.
1710 Odom Street
Alexandria, LA. 71301

**CITY OF ALEXANDRIA**
Through its Mayor, Jacques Roy
915 3rd St.
Alexandria, Louisiana 71309

**RAPIDES PARISH SHERIFF'S OFFICE**
**Through Its Agent for Service of Process**
**Sheriff William Hilton**
700 Murray St.
Alexandria, Louisiana 71301

**SHERIFF WILLIAM HILTON**
700 Murray St.
Alexandria, Louisiana 71301

**M/T RICHARD HORTON**
1710 Odom Street
Alexandria, Louisiana 71301

**DEPUTY JAY MCNUTT**
700 Murray St.
Alexandria, Louisiana 71301