RECEIVED
SEP 27 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HARRY HAYES | CIVIL ACTION NO. 1:16-00153 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| DEPT. OF PUBLIC SAFETY AND CORR. ET AL | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court is a "12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (R. #26) filed by the State of Louisiana, through the Department of Public Safety and Corrections, and Richard Horton, in his official capacity, through the Assistant Attorney General. In their motion Defendants seek to dismiss the 42 U.S. C. § 1983 and 1988 claims as well as state law claims due to their Eleventh Amendment Immunity.

## INTRODUCTION

Plaintiff, Harry Hayes, initiated the instant lawsuit based on federal question under 42 U.S.C. § 1983 and 1988 and supplemental jurisdiction for state law claims. Plaintiff seeks compensatory and punitive damages, as well as attorney fees and costs. In this motion, Defendants, the State of Louisiana and Richard Horton, in his official capacity assert that there is a lack of subject matter jurisdiction as to the claims asserted against them based on their Eleventh Amendment immunity.

## LAW AND ANALYSIS

The defense of Eleventh Amendment immunity is a challenge to the court's subject matter jurisdiction and is expressly preserved against waiver. The existence of sovereign immunity against a claim is a jurisdictional deficiency which requires dismissal of the plaintiff's action by this court. The district court has "the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[1] When a 12(b)(1) lack of subject matter jurisdiction issue is raised, the party seeking to maintain federal jurisdiction bears the burden of proof.[2]

Federal Courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.[3] The Eleventh Amendment immunity extends to state agencies that act as arms of the state, but it does not extend to counties, cities, or others political subdivisions of the state.[4] State officials also enjoy immunity under the Eleventh Amendment when they are sued in their official capacities.[5] When a state is the "real, substantial party in interest," the Eleventh Amendment bars a suit against state officials.[6] Congress did not abrogate the states' Eleventh

---

[1] Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).
[2] New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008), citing Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001), and Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).
[3] Idaho v. Coeur D'Alene Tribe of Idaho, 521 U.S. 261, 267, 117 S.Ct. 2028 (1997).
[4] Citrano v. Allen Corr. Center, 891 F.Supp. 312, 320 (W.D. La. 1995) citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 97 S.Ct. 568, 572 (1977).
[5] Edelman v. Jordan, 415 U.s. 61, 663, 94 S.Ct. 1347 (1974).
[6] Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984).

2

Amendment immunity by enacting § 1983.[7] The State of Louisiana has waived sovereign immunity in tort and contract suits, but it has not waived its immunity under the Eleventh Amendment from suit in federal court.[8]

The Louisiana Department of Safety and Corrections ("DOC") is a department within the Louisiana state government pursuant to Louisiana Revised Statute Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds.[9] The Eleventh Amendment is not an absolute bar from suit in federal court. There are three (3) exceptions which may affect the State's ability to raise its sovereign immunity as a defense: (1) by consenting to suit in federal court; (2) Abrogation by Congress by acting pursuant to a grant of constitutional authority; and (3) the Ex Parte Young Doctrine.

Defendants argue that none of the exceptions apply to either the § 1983 claims amd § 1988 claims, and/or the state law claims,[10] whereas Plaintiff argues that the instant motion should be denied because Mr. Hayes' civil action is based upon a violation of his constitutional rights and because the Ex Parte Young exception applies.

Plaintiff argues that the motion to dismiss should be denied because Defendant's customs and policies are in violation of 42 USC 1983. "A governmental entity may be held liable under §

---

[7] Quern v. Jordan, 440 U.S. 332, 341, 99 S.Ct. 1139 (1979).
[8] U.S.C.A. Const. Amend. 11; LSA-R.S. 13:5106; LSA-Const. Ar. 12 § 10.
[9] Anderson v. Phelps, 655 F.Supp. 560, 564 (M.D. La. 1985); see also La. Rev. Stat. § 40:1301; Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999).
[10] The principle of Eleventh Amendment immunity "applies as well to state-law claims brought into federal court under pendent jurisdiction." Pennhurst St. Sch. & Hosp. v Halderman, 465 U.S. 89, 121 (1984); see also La. Rev. Stat. Ann. § 13:5106(A).

3

1983 only when the plaintiff can demonstrate that it engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiff's rights.[11] Plaintiff asserts that the DOC has widespread and unconstitutional practices of recklessly violating the Fourth, Eighth and Fourteenth Amendments. Plaintiff relies on his allegations that he was shoved, handcuffed and arrested without probable cause, struck with a baton and tased. Plaintiff argues that Mr. Horton's alleged actions were a widespread policy and custom of the DOC because Mr. Horton was not demoted, suspended and/or terminated as a result of the alleged actions. The court finds that this one alleged incident is insufficient to show a custom of tolerance of or acquiescence in federal rights violations, or persistent and widespread unconstitutional practices, nor is it sufficient to establish the existence of an illegal policy or custom by Defendant, Mr. Horton, or the DOC. Thus, because these Defendants are entitled to sovereign immunity, the § 1983 and 1988 claims against Mr. Horton[12] in his official capacity and the DOC will be dismissed. Also, the state law claims against these Defendants will be dismissed because the principle of Eleventh Amendment immunity "applies as well to state-law claims brought under federal court under pendent jurisdiction".[13]

---

[11] Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).
[12] A state employee, or an employee of a department within the state, sued in his or her official capacity is not considered a person for purposes of suit under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989).
[13] Pennhurst, supra; see also Griffith v. Louisiana, 808 F.Supp.2d 926 933 (E.D. La. 2011).

## CONCLUSION

For the reasons set forth above, the motion to dismiss the 42 U.S.C. § 1983 and 1988 claims and the state law claims against Defendants, Mr. Horton in his official capacity, and the Department of Public Safety & Corrections will be dismissed with prejudice at Plaintiff's costs.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 21st day of September, 2017.

JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**