U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 0 7 2017

TONY R. MOORE, CLERK
BY: _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HARRY HAYES | CIVIL ACTION NO. 1:16-00153 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| DEPT. OF PUBLIC SAFETY AND CORR. ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Rule 56 Motion for Summary Judgment" (R. #33) filed by M/T Richard Horton, in his individual capacity who seeks qualified immunity from suit under 42 U.S.C. § 1983. Mr. Horton maintains that at no time material to the incident which forms the basis of this suit did he willfully or intentionally violate any rights afforded Petitioner under the U.S. Constitution.

## FACTUAL STATEMENT

On February 1, 2015 Plaintiff, Harry Hayes and Bernard Odom entered the Big Red Barn, a night club in Rapides Parish. At approximately 1:30 a.m. the State Fire Marshall's office conducted an inspection of the premises which included numerous Fire Marshall Personnel and Sheriff's deputies. In order to conduct the inspection, the proprietor of the business turned the lights on and the music off. At the time and place of the incident that is the subject of this lawsuit, Fire Marshall personnel, M/T Horton with the State Police and Department of Safety and Corrections, and other law enforcement personnel had gathered at the eastern door of the premises. Mr. Hayes and his companion had entered the night club through the front door.

1

Mr. Hayes approached the eastern door and requested to go out the door. When he approached the door, Mr. Hayes was on M/T Horton's right "gun side". The events that transpired after Mr. Hayes requested to go outside are genuinely disputed by Mr. Hayes and Officer Horton.

The request to go outside was denied and Mr. Hayes was pushed and struck by Officer Horton with a baton, tased twice, arrested, handcuffed and taken into custody. Officer Horton alleges that Mr. Hayes refused his orders to stand down. Mr. Hayes was arrested for resisting and officer and disturbing the peace while intoxicated. Mr. Hayes denied that he had drunk any alcoholic beverages that evening, but admits that prior to entering the Red Barn, he had visited another bar. These charges were dismissed and Nolle Prossed by the Rapides Parish District Attorney's office on March 3, 2016.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the

---

[1] Plaintiff's exhibit 7. R. #41-7.
[2] Fed. R. Civ. P. 56(c).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[9] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[10]

## LAW AND ANALYSIS

In his motion, Mr. Horton seeks to be dismissed with prejudice in his individual capacity based on qualified immunity. Qualified immunity protects government officials from civil liability when their actions could reasonably have been believed to be legal.[11] Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[12] A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged

---

[5] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[6] Anderson, 477 U.S. at 249.
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[9] Anderson, 477 U.S. at 249-50.
[10] Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).
[11] Morgan v. Swanson, 659 F.3d 370 (5th Cir. 2011)(en banc) cert. denied, 132 U.S. 2740(2012).; Whitley v. Hanna, 726 F.3d 631 (5th Cir. 2013), cert. denied, 134 S.Ct. 1935 (2014).
[12] Malley v. Briggs, 475 U.S. 335, 341, 106 S.CT. 1092 (1986).

conduct."[13] When qualified immunity is invoked, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[14] If probable cause for an arrest even arguably existed, immunity cannot be lost.[15] A police officer has qualified immunity if he "reasonably but mistakenly concludes that probable cause is present."[16]

The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law. Even law enforcement officials who reasonably relied but mistakenly commited a constitutional violation are entitled to immunity.[17]

Without a doubt, an unprovoked use of physical force which included forceful pushing, striking a person with a baton and discharging a taser upon that person twice would clearly be more than the force needed to subdue the threat. The court is not concluding that this is what actually transpired between M/T Horton and Mr. Hayes, but only if it did happen as suggested by Mr. Hayes, this would be a clear violation of Mr. Hayes' constitutional rights.

In his motion for summary judgment, M/T Horton submits his own affidavit and the deposition testimony of Mr. Hayes. In Mr. Hayes' opposition, he submits as summary judgment evidence, his own deposition testimony, the report by M/T Horton, Mr. Hayes' medical records and the letter from the District Attorney's office dismissing the charges against Mr. Hayes.

---

[13] Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083 (2011).
[14] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas, 883 F.2d 400, (5th Cir. 1989).
[15] Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001), cert. denied, 122 S.Ct. 46 (2001).
[16] Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534 (1991).
[17] Club Retro LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 1994); Pearson v. Callahan, 555 U.S. 233, 129 S. Ct. 808 (2009); Goodson v. Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000).

Neither party has presented any other witness' statements or testimony to dispute or contradict each other's self-serving "side" of the story. Consequently, this "he said, she said" story will be heard by a jury to determine the "rest of the story."

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be denied.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 7th day of November, 2017.

*[signature]*
JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**