U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 07 2017

TONY R. MOORE, CLERK
BY: _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HARRY HAYES | CIVIL ACTION NO. 1:16-00153 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| DEPT. OF PUBLIC SAFETY AND CORR. ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #39) filed by Defendants, Sheriff William Earl Hilton, in his individual and official capacities, and Deputy Jay McNutt in his individual and official capacities wherein these Defendants seek to be dismissed from the instant lawsuit. Sheriff Hilton asserts that there is no evidence of a policy or procedure which caused Plaintiff, Harry Hayes, injuries or any overt act by the Sheriff which might render him liable as a supervisor. Sheriff Hilton contends that he is entitled to qualified immunity in his individual capacity and there is no evidence to support a claim against him in his official capacity. Deputy McNutt asserts that there is no evidence to show that he should have interfered with Mr. Horton's actions in any way, and there is no evidence to support Mr. Hayes' state law claims. Deputy McNutt also seeks to be dismissed in his individual capacity based on qualified immunity.

## FACTUAL STATEMENT

On February 1, 2015 Plaintiff, Harry Hayes and Bernard Odom, entered the Big Red Barn, a night club in Rapides Parish. At approximately 1:30 a.m. the State Fire Marshall's office conducted an inspection of the premises which included numerous Fire Marshal Personnel and Sheriff's deputies. Defendant, Deputy Jay McNutt, was dispatched to the Big Red Barn to assist

1

in the inspection. In order to conduct the inspection, the proprietor of the business turned the lights on and the music off.

The Big Red Barn has two side doors, one on the left and one on the right. At the time and place of the incident that is the subject of this lawsuit, Fire Marshal personnel, M/T Horton and other law enforcement personnel were present. Deputy McNutt stood near the right side door during the inspection of the premises and M/T Horton was near the left side door on the east side of the building.

Mr. Hayes and his companion had entered the night club through the front door. Mr. Hayes approached the law enforcement officers at the left side door in an attempt to exit the building. The request to go outside was denied and Mr. Hayes was pushed and struck by Officer Horton with a baton, tased twice, arrested, handcuffed and taken into custody. Deputy McNutt testified that He was not present for and did not witness the initial incident which led M/T Horton to strike Mr. Hayes with his baton or discharge his taser. Deputy McNutt testified that even though he did not see the source of the taser discharging, he heard the sound. Mr. Hayes testified that Deputy McNutt was not a part of the group of law enforcement officers standing at the door which he attempted to exit.[1] Mr. Hayes testified that he did not know when Deputy McNutt arrived on the scene, but that he first saw him after he was tased the first time.[2]

---

[1] Defendants' exhibit A, Hayes Depo. pp. 56-57.
[2] Id. pp. 74-76.

Upon locating the source of the sound, Deputy McNutt came upon M/T Horton standing near Mr. Hayes who was on the ground. The leads of the taser were stuck in Mr. Hayes and the taser was cycling. Shortly thereafter, Mr. McNutt assisted in placing handcuffs on Mr. Hayes.

Mr. Hayes was arrested for resisting an officer and disturbing the peace while intoxicated. Mr. Hayes denied that he had drunk any alcoholic beverages that evening, but admits that prior to entering the Red Barn, he had visited another bar. The charges were dismissed and Nolle Prossed by the Rapides Parish District Attorney's office on March 3, 2016.[3]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[4] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[5] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[7] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there

---

[3] Plaintiff's exhibit 7. R. #41-7.
[4] Fed. R. Civ. P. 56(c).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[6] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[7] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

3

is a genuine issue for trial.[8] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[9] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[10] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[11] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[12]

## LAW AND ANALYSIS

Mr. Hayes has sued Sheriff William Earl Hilton and Deputy McNutt in their individual and official capacity for injuries he allegedly sustained as a result of his arrest. Mr. Hayes alleges that Sheriff Hilton encouraged, authorized, or acquiesced in the unlawful arrest, detention and use of force against Mr. Hayes. He further alleges that Sheriff Hilton's actions were part of the practices, policies or customs of the Sheriff and due in part to the Sheriff's failure to adequately train or supervise his employees. Mr. Hayes has also asserted state law claims against Sheriff Hilton based on the doctrine of *respondeat superior*.

---

[8] Anderson, 477 U.S. at 249.
[9] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[10] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[11] Anderson, 477 U.S. at 249-50.
[12] Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

Mr. Hayes has also sued Deputy McNutt for his failure to interfere with Officer Horton's alleged use of excessive force. Mr. Hayes asserts state law claims claims pursuant to 42 U.S.C § 1983.

*Deputy Jay McNutt*

Mr. Hayes asserts bystander liability against Deputy McNutt for failure to intervene. Mr. Hayes relies on Whitley v. Hanna, [13] wherein the Fifth Circuit stated that "an officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent harm; and (3) chooses not to act."[14] Mr. Hayes also cites Hale v. Townley,[15] a Fourth Amendment case which held that "[a]n officer may be liable under § 1983 if he is 'present at the scene and does not take reasonable measures to protect' an individual from a colleague's actions when the officer knows that those actions violate the person's constitutional rights."

Deputy McNutt maintains that he is entitled to qualified immunity as to both the bystander liability claim as well as the excessive force claims. Qualified immunity protects government officials from civil liability when their actions could reasonably have been believed to be legal.[16] Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[17] A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly

---

[13] 726 F.3d 631 (5th Cir. 2013).
[14] Id. at 646 (quoting Randall v. Prince George's Cty., 302 F.3d 188, 204 (4th Cir. 2002)).
[15] 45 F.3d 914, 916 (5th Cir. 1995).
[16] Morgan v. Swanson, 659 F.3d 370 (5th Cir. 2011)(en banc) cert. denied, 132 U.S. 2740(2012).; Whitley v. Hanna, 726 F.3d 631 (5 th Cir. 2013), cert. denied, 134 S.Ct. 1935 (2014).
[17] Malley v. Briggs, 475 U.S. 335, 341, 106 S.CT. 1092 (1986).

5

established' at the time of the challenged conduct."[18] When qualified immunity is invoked, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[19] If probable cause for an arrest even arguably existed, immunity cannot be lost.[20] A police officer has qualified immunity if he "reasonably but mistakenly concludes that probable cause is present."[21] "A defendant's acts are objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's rights."[22]

The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law. Even law enforcement officials who reasonably relied but mistakenly committed a constitutional violation are entitled to immunity.[23]

Mr. Hayes maintains that summary judgment should be denied because all of the elements for bystander liability have been met. Specifically, Mr. Hayes alleges that Deputy McNutt should have known that Officer Horton was violating his constitutional rights. This court disagrees. There is no evidence that Deputy McNutt was aware of any excessive force being used. The undisputed evidence reveals that Deputy McNutt observed Mr. Hayes on the floor after Deputy McNutt heard the sound of a taser being discharged. Deputy McNutt had not one

---

[18] Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083 (2011).
[19] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas, 883 F.2d 400, (5th Cir. 1989).
[20] Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001), cert. denied, 122 S.Ct. 46 (2001).
[21] Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534 (1991).
[22] Velasquez v. Audirsch, 574 F.App'x 476, 479 (5th Cir. 2014).
[23] Club Retro LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 1994); Pearson v. Callahan, 555 U.S. 233, 129 S. Ct. 808 (2009); Goodson v. Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000).

clue as to what had transpired prior to the taser being discharged. This court will not speculate and or leap to the unfathomable conclusion that Deputy McNutt was completely aware that Mr. Hayes' constitutional rights were being violated, nor do we find that any of Deputy McNutt's actions resulted in excessive force. Accordingly, Deputy McNutt is entitled to qualified immunity and the claims of excessive force and bystander liability will be dismissed with prejudice.

*Sheriff Hilton*

Mr. Hayes asserts claims against Sheriff Hilton in both his individual and official capacity. "A governmental entity may be held liable under § 1983 only when the plaintiff can demonstrate that it engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiffs' rights.[24] A plaintiff must prove that the claimed act or failure to act amounted to deliberate indifference to his or her rights. The Sheriff can only be liable under § 1983 when his policies are the moving force behind the constitutional violation.[25] The Sheriff can only be liable when the execution of the policy or custom caused the injury.[26] The Sheriff cannot be held liable for the acts of Deputy McNutt under a theory of *respondeat superior* or vicarious liability.[27]

Mr. Hayes contends that Sheriff Hilton can be held liable in his official capacity because the single action of the Sheriff, who possesses final policymaking authority, of not reprimanding Deputy McNutt is enough for municipal liability in this lawsuit. Mr. Hayes further contends that Sheriff Hilton may be held liable in his individual capacity because he acted with deliberate

---
[24] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 98 S.Ct. 2018 (1978).
[25] Id.
[26] Monell, supra.
[27] Monell, supra.

7

indifference to Deputy McNutt's alleged constitutional violations. Mr. Hayes also asserts that Sheriff Hilton failed to train and/or supervise Deputy McNutt.

The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act, when the policy relied upon is not, itself, unconstitutional.[28] As established above, Deputy McNutt cannot be found to have violated Mr. Hayes' constitutional rights. Under Section 1983, supervisory officials are not liable for the actions of subordinates under any theory of vicarious liability.

Mr. Hayes maintains that Sheriff Hilton can be held liable for failing to properly train and/or supervise Deputy McNutt. For the liability to attach based on an "inadequate training" claim, a plaintiff must allege with specificity how a particular training program is defective.[29] Mr. Hayes has failed to submit any evidentiary proof of inadequate training or supervision. Mr. Hayes has not produced any evidence to show that the Sheriff's policies and procedures were inadequate or that the Sheriff's actions through a policy maker, were deliberately indifferent in adopting the procedure or policy, or that any inadequate procedure or policy caused Mr. Hayes' injuries. Thus, the court finds that Plaintiff's Section 1983 claims against the Sheriff must fail.

Mr. Hayes attempts to hold Sheriff Hilton liable in his individual capacity and contends that the Sheriff is not entitled to qualified immunity. As discussed above, Sheriff Hilton cannot be held liable in his individual capacity because there has not been a violation of Mr. Hayes' rights by the Sheriff personally or Deputy McNutt. Furthermore, there is no evidence to suggest that any action or inaction taken by Sheriff Hilton was objectively unreasonable in light of clearly

---

[28] Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).
[29] Benavides v. County of Wilson, 955 F.2d 968, 973 (5th Cir. 1992).

established law. Also, there are no allegations that Sheriff Hilton personally participated in the event that transpired on February 1, 2015 at the Big Red Barn.

*State law claims (false arrest, assault, battery, failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, malicious prosecution and defamation)*

Mr. Hayes contends that Sheriff Hilton and Deputy McNutt should be held liable for false arrest and imprisonment. Mr. Hayes' basis for holding these Defendants liable is his allegation that Deputy McNutt used his own handcuffs upon Mr. Hayes, thereby arresting him. Mr. Hayes argues that Deputy McNutt had no probable cause to arrest him. It is undisputed that Deputy McNutt only assisted in handcuffing Mr. Hayes, he did not initiate the arrest. Merely assisting another officer with placing handcuffs on Mr. Hayes is not sufficient to show false arrest and/or false imprisonment. The court finds that neither of these Defendants can be held liable for false arrest and/or false imprisonment.

Mr. Hayes asserts that Defendants Hilton and McNutt can be held liable for intentional infliction of emotional distress relying on White v. Monsanto Co.[30] Mr. Hayes argues that falsely arresting him without probable cause is extreme and outrageous behavior. To establish a claim for intentional infliction of emotional distress, Plaintiff must show:

1. The conduct was extreme and outrageous;
2. The emotional distress suffered was severe; and

---
[30] 585 So.2d 1205 (La. 1991).

3. The accused desired to inflict severe emotional distress or knew that such distress would be substantially certain to result from the conduct.[31]

The court has reviewed the evidence submitted by the parties and finds that the actions or lack of actions by Sheriff Hilton and/or Deputy McNutt do not rise to the level of intentional infliction of emotional distress.

Mr. Hayes asserts claims of assault and battery, failure to provide adequate medical care, negligent infliction of emotional distress, cruel treatment and defamation against Defendants, Hilton and McNutt. Mr. Hayes did not challenge or object to Defendants' assertion that these claims are without merit and should be dismissed. Defendants maintain that these claims should be dismissed because Mr. Hayes will be unable to meet his burden at trial. The court finds that Mr. Hayes has failed to challenge the proposed dismissal of these claims; additionally, he has failed to submit summary judgment evidence to create a genuine issue of material fact for trial. Consequently, these claims will be dismissed with prejudice.

Mr. Hayes asserts a claim for malicious prosecution contending that Deputy McNutt's false arrest caused the criminal prosecution. Sheriff Hilton and Deputy McNutt argue that any assistance provided by Deputy McNutt is not a legal cause of the prosecution. We agree and will dismiss Plaintiff's claim for malicious prosecution.

Mr. Hayes asserts a claim of defamation against these Defendants but has failed to plead with specificity or provide evidence of any defamatory statements made by Sheriff Hilton and

---

[31] White v. Monsanto Co., 585 So.2d 1205 (La.1991), and Morris v. Dillard Department Stores, Inc., 277 F.3d 743 (5th Cir. 2001).

Deputy McNutt. Hence, Mr. Hayes will be unable to show that a certain defamatory statement was published. Accordingly, Mr. Hayes' claim of defamation will be dismissed with prejudice.

Mr. Hayes has asserted that all Defendants entered into a conspiracy to deprive him of his civil rights, specifically claiming that Mr. Hayes resisted arrest and was under the influence at the time which led to the arrest. The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned rights."[32] Mere conclusory allegations will not suffice absent a reference to material facts.[33] Furthermore, if there has been no underlying violation of Section 1983, there can be no actionable conspiracy claim.[34]

First and foremost, we previously concluded that there was no violation of Mr. Hayes' constitutional rights by Sheriff Hilton and Deputy McNutt, but also there is a total absence of facts to show that any concerted actions by these Defendants existed. Consequently, Mr. Hayes cannot meet his burden of proof at trial and this claim should be dismissed as well.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted in its entirety dismissing with prejudice all claims asserted against Defendants, Sheriff Hilton and Deputy McNutt in their individual and official capacity. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

---

[32] Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999).
[33] Rodriguez v. neeley, 169 F.3d 220, 222 (5th Cir.1999).
[34] Kerr, 171 F.3d at 341-42.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 7th day of November, 2017.

                                                               _____
                                                                 **JAMES T. TRIMBLE, JR.**
                                                           **UNITED STATES DISTRICT JUDGE**